UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JAMEL BROWN,                          :

                Plaintiff,    :    06 Civ. 14304 (LTS)(HBP)

  -against-                          :    OPINION
                                           AND ORDER
C.O. J. BANKS, et al.                 :

                Defendant.    :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By motion dated January 10, 2008, (Docket Item 27), plaintiff, who is incarcerated, moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

       The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

    [1]In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.") (internal quotation marks omitted).

Although I am willing to assume plaintiff's financial inability to retain counsel and that by contacting one law firm he has made sufficient efforts on his own to secure counsel, his current application establishes none of the other elements relevant to an application for counsel.

In response to the question on the form motion for counsel that asks plaintiff to explain why he feels he needs a lawyer, plaintiff stated, "To reassure professional guidance." The need for guidance is not sufficient. If the need for guidance were sufficient to warrant adding a case to the list circu-

lated to the Pro Bono Panel, nearly every pro se case would be added to that list.

Although it is, of course, impossible to assess fully the merits of the case at this stage, it also appears from the face of the complaint that plaintiff will probably face substantial difficulty in succeeding in this case. Plaintiff alleges that, after he disobeyed an order to remove his jacket, the defendants sprayed him with mace, kicked and punched him, threw him to the floor, and handcuffed him. Plaintiff claims to have suffered numbness in his hand and a swollen ankle. It appears the plaintiff will confront several difficulties in litigating his case because: (1) prison guards are given some leeway in using force, especially when a prisoner disobeys an order, (2) the use of mace is not necessarily excessive force, (3) the occurrence of minor injuries because of tight handcuffs does not necessarily imply excessive force was used, and (4) there are no uninterested witnesses to the incident.

Even though the Supreme Court has held that a significant injury is not necessary for an Eighth Amendment claim, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) overruled on other grounds, Graham v. Connor, 490 U.S. 386, 397 (1989).

3

> To establish a constitutional violation under the
> Eighth Amendment, an inmate must meet both an objective
> and a subjective requirement. To meet the objective
> requirement, the alleged violation must be "suffi-
> ciently serious" by objective standards. See Farmer v.
> Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d
> 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294,
> 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The
> objective component is "context specific, turning upon
> 'contemporary standards of decency.'" Blyden, 186 F.3d
> at 263 (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112
> S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Estelle v.
> Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251
> (1976))). To meet the subjective requirement, the
> inmate must show that the prison officials involved
> "had a 'wanton' state of mind when they were engaging
> in the alleged misconduct." Davidson v. Flynn, 32 F.3d
> 27, 30 (2d Cir. 1994).

Griffen v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999); see also Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993). Therefore, the merits of plaintiff's case here are not strong because "[t]he infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied . . . was unreasonable . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986).

Furthermore, there is authority holding that the use of mace is not a sufficient basis for an excessive force claim in the absence of "injuries from being sprayed with mace -- aside from the immediate discomfort." McLaurin v. New Rochelle Police Officers, 373 F. Supp. 2d 385, 394 (S.D.N.Y. 2005); see also Cunningham v. New York City, 04 Civ. 10232 (LBS), 2007 WL 2743580, at *7 (S.D.N.Y. Sept. 18, 2007) (finding mace to be de

4

<u>minimus</u> use of force when the plaintiff suffered expected side-effects).

Similarly, there is authority that the use of tightly fastened handcuffs that result in either no injury or only minor injuries is not an actionable use of excessive force. See <u>Drummond v. Castro</u>, 522 F. Supp.2d 667, 679 (S.D.N.Y. 2007) (finding that the use of tight handcuffs was not excessive force); <u>Hamlett v. Town of Greenburgh</u>, 05 Civ. 3215 (MDF), 2007 WL 119291 at *3 (S.D.N.Y. Jan. 17, 2007) (finding that numbness resulting from handcuffs was not sufficient to constitute excessive force).

Finally, there were no uninterested witnesses present at the time of the incident. According to the complaint, only the officials allegedly involved in the incident were present at the scene of the altercation.

Accordingly, because plaintiff has failed to show that his petition is sufficiently meritorious, his motion for counsel is denied without prejudice to renewal. Any renewed motion

should be accompanied by an affidavit establishing the factors identified above.

Dated: New York, New York
August 14, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Jamel Brown
03-A-2169
Attica Correctional Facility
Exchange Street
Attica, New York 14011-0149

Steve Stavridis, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
Room 3-312
New York, New York 10007